JUSTICE KINSER,
concurring.
I join the majority opinion. However, I write additionally to point out that the central issue presented in this case is not, as stated in the dissenting opinion, whether “Arlington County [has] the legal authority to recognize common law marriages or ‘same-sex unions’ by conferring certain health insurance benefits upon domestic partners of County employees who are engaged in these relationships.” Rather, the following comprise the assignments of error in this appeal:
1. The Court below erred by finding that Arlington County’s coverage of domestic partners in its self-funded health benefits plan violates the Dillon Rule, and in granting Plaintiffs’ Motion for Summary Judgment.
2. The Court below erred by not finding that the County has authority to define the term “dependents” to include domestic partners for its self-funded health benefits plan for County employees, and in failing to grant the County’s Motion for Summary Judgment.
3. The Court below erred in failing to recognize that the County has authority under the reasonable selection of method rule to define “dependents” to include domestic *715 partners for purposes of administering its self-funded health benefit plan for County employees, and in failing to grant the County’s Motion for Summary Judgment.
Furthermore, in the appellee Taxpayers’ brief filed in this appeal, only one of their three main arguments in support the circuit court’s judgment addressed the issue that the dissent calls “fundamental” and “central.” In fact, the rationale utilized by the majority to affirm the circuit court’s judgment is the same as that contained in the Taxpayers’ first argument on brief, i.e, that Arlington County’s definition of the term “dependent” to include individuals who are merely “interdependent” violates the Dillon Rule.
If the present case were decided on the basis that Arlington County’s definition of “dependant” for purposes of its self-funded health benefit plan is not a reasonable method of implementing its implied authority because the definition bestows a governmental benefit on certain relationships that contravene Virginia’s public policy concerning marriage, the same could be said with regard to the tax benefit conferred pursuant to Code § 58.1-322(D)(2)(a).[5] Under that section, a Virginia taxpayer can claim a deduction for each personal exemption available to the taxpayer for federal income tax purposes. Under 26 U.S.C. § 151, a federal income tax exemption is available for each “dependent” of the taxpayer. The term “dependent” is defined in 26 U.S.C. § 152. In pertinent part, that section states that
the term ‘dependent’ means any of the following individuals over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer: ... (9) An individual (other than an individual who at any time during the taxable year was the spouse ... of the taxpayer) who, for the taxable year of the taxpayer, has as his principal place of abode the home of the taxpayer and is a member of the taxpayer’s household.
Subsection (b)(5) of 26 U.S.C. § 152 further states that “[a]n individual is not a member of the taxpayer’s household if at any time during the taxable year of the taxpayer the relationship between such individual and the taxpayer is in violation of local law.”
*716 If, as the dissent asserts, “[t]he County’s expanded definition of eligible dependents is nothing more than a disguised effort to confer health benefits upon persons who are involved in either common law marriages or ‘same-sex unions,’ ” then the allowance of an income tax deduction in Virginia based on the Internal Revenue Code’s definition of “dependent” could also be deemed a “disguised effort” to confer a governmental benefit on taxpayers involved in the same kinds of relationships. Aside from the requirement of financial interdependence, as opposed to dependency, an individual satisfying Arlington County’s definition of “domestic partner” could also qualify as a “dependent” under 26 U.S.C. § 152(a)(9). That fact does not mean that such an individual can violate Virginia’s criminal statutes proscribing lewd and lascivious cohabitation, Code § 18.2-345; fornication, Code § 18.2-344; and consensual sodomy, Code § 18.2-361.
I do not intend in any way to suggest that I condone common law marriages or “same-sex unions.” Nor do I question that such relationships do, indeed, violate the public policy of Virginia. However, neither my personal beliefs nor Virginia’s public policy make it necessary to decide this appeal on grounds that could call into question other sections of Virginia’s laws.[6]

 The Taxpayers argue on brief that Arlington County’s definition of “dependent” conflicts with the definition of that term under state and federal income tax laws.

 I also note that under Virginia’s State and Local Government Conflict of Interests Act, the term “dependent” is defined as “a son, daughter, father, mother, brother, sister or other person, whether or not related by blood or marriage, if such a person receives from the officer or employee, or provides to the officer or employee, more than one-half of his financial support.” (Emphasis added.) Code § 2.1-639.2. See also Code §§ 2.1-639.15, 2.1-639.15:1, 2.1-639.31, 2.1-639.41, 26-69. 34-4. and 59.1-365.